Order Form (01/2005)

# United States District Court, Northern District of Illinois

M HN

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2546 | **DATE** | June 2, 2008 |
| **CASE TITLE** | Poindexter vs. Cook County Public Defender | | |

**DOCKET ENTRY TEXT**

Plaintiff Kenneth Poindexter's motion for leave to file his complaint *in forma pauperis* [3] is granted. However, the complaint is dismissed for failure to state a valid federal claim, and the case therefore is terminated. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.40 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. This dismissal of Plaintiff's complaint does not count as one of his three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for the appointment of counsel [4] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Kenneth Poindexter, currently confined at the Western Illinois Correctional Center, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the assistant public defender who represented Plaintiff in his state criminal proceedings. Plaintiff alleges several instances of ineffective assistance of counsel, and he seeks 12.5 million dollars in damages.

The Court first addresses Plaintiff's motion for leave to file his complaint *in forma pauperis*. Finding that Plaintiff is unable to prepay the filing fee, the Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $1.40. The supervisor of inmate trust accounts at the Western Illinois Correctional Center shall collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of this Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of the Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the trust account office at Plaintiff's place of confinement shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event Plaintiff is transferred to another facility.

Although Plaintiff may proceed *in forma pauperis*, his complaint fails to raise a claim actionable in this court. Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of a complaint and dismiss the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may

| STATEMENT |
|---|

be granted, or seeks monetary relief against a defendant who is immune from such relief. Even if the Court accepts Plaintiff's factual allegations here as true and liberally construes his *pro se* complaint, Plaintiff fails to present a viable federal claim.

Plaintiff alleges ineffective assistance of counsel with the assistant public defenders who represented him in his state criminal proceedings. Plaintiff states that his attorneys did not obtain a surveillance video tape, did not talk to witnesses, were not prepared for a hearing, and refused to help Plaintiff bring suit, in a separate proceeding, against the police officers involved Plaintiff's case. In order to bring a federal civil rights claim, Plaintiff must establish that a person acting under the color of state law violated plaintiff's constitutional rights. Defense attorneys, even public defenders, are not considered "state actors" under § 1983, and cannot be sued for damages. See *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); see also *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Also, success on Plaintiff's current ineffective assistance of counsel claims would indicate that Plaintiff was denied a constitutional right in his criminal proceedings. A plaintiff may not proceed with a civil claim, if success on that claim would necessarily call into question the validity of a conviction, unless and until the conviction has been invalidated on direct review, in a post-conviction proceeding, or by some other means. See *Heck v. Humphrey*, 512 U.S. 477, 485-87 (1994); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Plaintiff may be able to assert ineffective assistance of counsel claims in his state criminal proceedings, if appellate proceedings are currently pending; in a state post-conviction proceeding; or in this Court in a petition for habeas corpus relief following the exhaustion state court remedies for such claims.

Because Plaintiff's complaint fails to present a claim that is actionable in this Court, it must be dismissed. However, the Court does not issue a strike under 28 U.S.C. § 1915(g) for this dismissal in view of the fact that Plaintiff simply appears to have brought his claims in this Court either prematurely or when he should have filed them in state court. For those reasons, the dismissal of this case in no way implicates the merits of Plaintiff's claims. Finally, given the disposition of Plaintiff's claim, his motion for appointment of counsel is denied as moot.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(4). If Plaintiff seeks to proceed *in forma pauperis* on appeal, he must submit to this Court a motion for leave to do so, which should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. See *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he cannot file an action in a federal district or appellate court without the prepayment of the filing fee, unless he demonstrates that he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g).